**Melvin J. THORNTON, et al.**

v.

**FONDREN GREEN APARTMENTS, et al.**

**Civ. A. No. H–91–1673.**

United States District Court,
S.D. Texas,
Houston Division.

March 30, 1992.

David S. Prince, Houston, Tex., for plaintiffs, Sue Butler, Sheila Cauley, Brad Godwin, Gayle Godwin (individually and as personal representative of Estate of Paul Godwin, deceased), Estate of Paul Godwin, deceased, Delores Hardy, Marily Savage Martinez, as personal representative and legal guardian of Helen Janice Savage, Thomas May, Dean Pickrell, individually and as next friend of Daniel Pickrell, Daniel Pickrell, Nicola Pickrell, Isaac Pineda, David Schnake, Ronald Scott, Alta Self, Clifton Self, Willie L. Stafford, Mary Thomas, Dianne Thompson, Melvin J. Thorton, Ollie Mae Washington, and Stephen L. Grow.

Daniel Pickrell, Thomas M. Whitworth, Houston, Tex., for plaintiff guardian ad litem.

Frederick W. Chockley, III, Beth E. Morrow, Baker & Hostetler, Washington, D.C., James C. Winton, Scott G. Camp, Baker & Hostetler, McCutchen Black, Houston, Tex., for defendant, Resolution Trust Corp. as Receiver.

Chris C. Pappas, Dunn, Kacal, Adams, Pappas & Law, Houston, Tex., for defendant, H.R. Management Co.

Richard Josephson, Baker & Botts, Houston, Tex., for defendant, Velsicol Chemical Corp.

Marc Sheiness, Hirsch, Glover, Robinson & Sheiness, Houston, Tex., for defendant, Wolfe Nursery.

Steven C. Barkley, Lindsay, Moses & Barkley, Beaumont, Tex., for defendant, Green Light Co.

James R. Koecher, Brown, Sims, Wise & White, Houston, Tex., for defendant, RFG Management Group, Inc.

Craig Brinker, McCauley, MacDonald, Love, Devin & Brinker, Dallas, Tex., for defendant, Orkin Exterminating Co., Inc.

## ORDER ADOPTING RECOMMENDATION OF THE MAGISTRATE

RAINEY, District Judge.

The Court has reviewed the Memorandum and Recommendation of the United

States Magistrate Judge signed on February 28, 1992, regarding instrument # 87.

The Court finds as of March 18, 1992, no objections were filed by either party pursuant to 28 U.S.C. § 636(b)(1)(C) and General Order 80–5, S.D. Texas. Failure to file objections within 10 days after being served with a copy has barred the parties from attacking on appeal the Magistrate's factual findings.

The Court finds that the Memorandum and Recommendation should be, and the same is hereby, ADOPTED as the Court's Memorandum and Order.

The Clerk of the Court shall provide a true copy of this Order to all counsel of record.

Signed on March 30, 1992, at Houston, Texas.

## MEMORANDUM AND RECOMMENDATION REGARDING GREEN LIGHT COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT

STACY, United States Magistrate Judge.

Before the Court is Defendant Green Light Company's Motion for Partial Summary Judgment (Instrument # 87), pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, against Plaintiffs' state law tort claim of products liability by failure to provide adequate warning or instructions.

After considering the pleadings on file, arguments of the parties and relevant law, the Court RECOMMENDS that Defendant's motion be DENIED.

### I. STATEMENT OF FACTS

Plaintiffs are twenty-one individuals who either resided in or worked at the Fondren Green Apartments in 1986–1987. In 1986, the interior of the apartment complex was sprayed with a pesticide known as Chlordane. The Chlordane had been repackaged and labeled by Defendant Green Light Company [hereinafter, Green Light] and sold to Wolfe Nursery, Inc., another named defendant, who in turn sold it to the H.R. Management Company, another named defendant, who supervised the application of the pesticide at the complex.

In their complaint (Instruments # 92 and 101), Plaintiffs allege that they suffered severe injuries as a result of the indoor application of the Chlordane. Plaintiffs' claims against Green Light and several other defendants include a products liability tort claim based on applicable state law. It is this particular claim that forms the basis for Green Light's present motion. Plaintiffs allege that Green Light's EPA-approved label did not clearly state the possible adverse health effects from Chlordane exposure or that above-ground spraying was extremely dangerous and not allowed by law. Plaintiffs conclude that they should be able to recover against Green Light under a theory of products liability for failure to provide adequate warning or instructions.

Green Light has moved, pursuant to Fed. R.Civ.P. 56(b), to dismiss all inadequate warning claims by Plaintiffs on the grounds that the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA), 7 U.S.C. §§ 136–136y (1988), preempts any applicable state tort law.

### II. DEFENDANT GREEN LIGHT'S CLAIM THAT FIFRA PREEMPTS ANY STATE TORT LAW IS NOT MERITORIOUS

A. The Test For Federal Preemption And Arguments By The Parties

In order to prevail on its motion for partial summary judgment, Green Light must adequately demonstrate that FIFRA preempts any state tort action. There is a strong presumption against federal preemption of state law and the burden of proof is on the party asserting such. *Rice v. Santa Fe Elevator, Corp.*, 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447 (1947); *Silkwood v. Kerr–McGee Corp.*, 464 U.S. 238, 255, 104 S.Ct. 615, 625, 78 L.Ed.2d 443 (1984). The United States Supreme Court has held that federal preemption will be considered only to have occurred when (1) Congress expresses a clear intent to preempt or (2) there is an implied preemption which can be inferred when

Congress has occupied the entire field and has left no room for states to supplement; there is an outright conflict between state and federal law and compliance with both is physically impossible; or compliance with the state law would obstruct accomplishment and execution of Congress' full objective (a potential conflict). *Louisiana Public Service Commission v. FCC,* 476 U.S. 355, 368, 106 S.Ct. 1890, 1898, 90 L.Ed.2d 369 (1986). The state law involved can exist in the form of common law, statute, or regulation. *Taylor v. General Motors Corp.,* 875 F.2d 816 (11th Cir.1989). Tort damages, as is claimed by Plaintiffs in the case at bar, are held to be a form of state regulation. *San Diego Building Trades Counsel v. Garmon,* 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959).

Green Light concedes that § 136v(a) of FIFRA authorizes states to regulate the sale or use of EPA-registered pesticides, but asserts that § 136v(b) expressly prohibits any supplemental labeling by state entities. Green Light asserts that companies, in order to avoid tort actions, would be forced to add additional information to pesticide warning labels in order to conform to a particular state's minimum requirements for adequate warning or instructions. Tort law would therefore have the effect of regulating a pesticide's warning label, which is prohibited by § 136v(b). *See, Kennan v. Dow Chemical Co.,* 717 F.Supp. 799 (M.D.Fla.1989). Since a state's requirements could vary from state to state, some courts have expressed a concern that this would cause a conflict with federal law and that there would be no uniformity in labeling regulation. *See, e.g., Papas v. Upjohn Co.,* 926 F.2d 1019, 1026 (11th Cir.1991). As a result, some courts have held that the federal government has occupied the entire field of label regulation, leaving no room for the states to supplement—even by state common law tort actions. *Papas,* 926 F.2d at 1025; *Fisher v. Chevron Chemical Co.,* 716 F.Supp. 1283 (W.D.Mo.1989), and *Mims v. Mobay Corp.,* Civ. Action No. M–88–157 (S.D.Tex., Corpus Christi Div., June 6, 1991).

Plaintiffs assert that there is a lack of clear consensus by the federal jurisdictions as to whether or not FIFRA preempts state common law. Even when there is case precedent from within a court's own district, some courts have chosen not to follow the decisions of their fellow jurists. *See, e.g., Riden v. ICI Americas, Inc.,* 763 F.Supp. 1500, 1506 (W.D.Mo.1991) (declining to following the conclusions of the court in *Fisher v. Chevron Chemical Co.,* 716 F.Supp. 1283 (W.D.Mo.1989)).

Plaintiffs also point out that there is little precedent concerning this issue within the Fifth Circuit's jurisdiction. The court in the *Mims* case cites to the *Papas* decision as persuasive authority, but does not state the specific type of preemption (i.e., expressed or implied) involved. In addition, the *Mims* case is not reported and is therefore less valuable as precedent. Plaintiffs argue that if this court requires authority from within the Fifth Circuit, that it should look to the decision in *Stewart v. Ortho Products,* 1990 WL 36129 (Westlaw), Civ. Action No. 87–4252 (E.D.La. Mar. 26, 1990). The Louisiana district court in *Stewart* chose to follow *Ferebee v. Chevron Chemical Co.,* 736 F.2d 1529 (D.C.Cir.1984), *cert. denied,* 469 U.S. 1062, 105 S.Ct. 545, 83 L.Ed.2d 432 (1984)) which held that FIFRA does not preempt state law actions involving failure to warn. Because of the conflicting precedential authority and the complexity of a federal preemption issue, Plaintiffs argue that this court should conduct an independent analysis based on the preemption test laid out by the United States Supreme Court. *Louisiana Public Service Commission,* 476 U.S. at 368, 106 S.Ct. at 1898.

**B. Analysis of Federal Preemption Under the *Louisiana Public Service Commission* Test**

*1. Express Preemption*

 Although there is a lack of consensus among the federal jurisdictions, the majority of courts have held that FIFRA does not expressly preempt state common law. *See, e.g., Ferebee,* 736 F.2d 1529; *Papas,* 926 F.2d at 1024. Since "mere silence" is not enough to establish preemp-

tion, courts must look for implied preemption either by occupation by the statute of the entire field it is regulating or through conflict, either actual or potential, between the state and federal law. *Wisconsin Public Intervenor v. Mortier*, —— U.S. ——, 111 S.Ct. 2476, 2483, 115 L.Ed.2d 532 (1991).

### 2. Implied Preemption

#### a. Field Preemption

The United States Supreme Court has held that field preemption cannot be implied. *Wisconsin Public Intervenor*, 111 S.Ct. at 2485. The plain intent of such a preemption must be evidenced in the statute or accompanying documents. The Court rejected the position of some courts that FIFRA's 1972 amendments transformed the act into a comprehensive statute that occupied the entire field of pesticide regulation. *Id.* Due to the large number of chemicals to be regulated, the Supreme Court considers FIFRA a general statute and not one "so comprehensive that it leaves no room for states to supplement federal law." *California Federal Savings & Loan Association v. Guerra*, 479 U.S. 272, 107 S.Ct. 683, 93 L.Ed.2d 613 (1987).

#### b. Actual and Potential Conflict

The key question when addressing actual conflict between state and federal law is whether compliance with both is physically impossible. *Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142–43, 83 S.Ct. 1210, 1217–18, 10 L.Ed.2d 248 (1963). Chemical manufacturers have any number of methods of complying with both federal and state rules, including submitting an adequate label in the first place or amending the label after an adverse finding under state law. Manufacturers often use modified or additional labels when selling in California in order to comply with that state's statute requiring warnings of known or potential carcinogens. California Health and Safety Code §§ 25249, *et seq.* (1990). Compliance with FIFRA and the Texas common law of warning is not more difficult than what is already practiced in California. Therefore, actual conflict preemption does not apply.

When looking at a potential conflict preemption, the controlling question is whether the state law is incompatible with the goals of the federal statute. *Louisiana Public Service Commission*, 476 U.S. at 368, 106 S.Ct. at 1898. The purpose of FIFRA is to regulate the registration and labeling of pesticide products such that purchasers are provided with assurances of effectiveness and safety when the product is used in accordance with its label. *Continental Chemiste Corp. v. Ruckelshaus*, 461 F.2d 331, 335 (7th Cir.1972).

In the case at bar, twenty-one plaintiffs were exposed to chlordane and sustained serious injuries, including one death, one stroke, and several continuous medical problems. The goals of the federal statute were obviously not achieved. If a state court finding in favor of Plaintiffs would encourage more complete warnings in the future, state law would not be considered incompatible with FIFRA but would in fact be helping towards the achievement of that statute's goals. As a result of this analysis, we conclude that Defendant Green Light has failed to demonstrate that FIFRA preempts Texas common law.

### III. CONCLUSION

For the foregoing reasons, it is RECOMMENDED that Defendant Green Light's motion for partial summary judgment be DENIED.

The Clerk shall file this instrument and mail a copy to all parties. Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), General Order 80–5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.1982) (en banc); *Ware v. King*, 694 F.2d 89 (5th Cir.1982); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). The original of any written objections shall be filed with the U.S. District Clerk, P.O.

Box 61010, Houston, Texas 77208 and a copy shall be delivered to the Chambers of Judge Rainey, Room 8613 and to the Chambers of Judge Stacy, Room 7525.

Signed at Houston, Texas, this <u>28th</u> day of <u>February,</u> 1992.