**ALLSTATE INSURANCE COMPANY**

v.

**POOLTIME PRODUCTS, INC.
& Home Depot USA Inc.**

Civ. A. No. 93–1106.

United States District Court,
E.D. Louisiana.

Jan. 10, 1994.

F. Otway Denny, III, Porteous, Hainkel, Johnson & Sarpy, New Orleans, LA, for plaintiff.

Esmond Phelps, II, James Richard Swanson, and Elizabeth M. McCarron, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, LA, for defendants.

McNAMARA, District Judge.

Before the court is a Motion for Summary Judgment, which was filed by Defendants and which was noticed for a hearing on Wednesday, January 5, 1994. Plaintiff has filed an opposition to the pending motion which is before the court on briefs without oral argument.

Plaintiff's complaint[1] alleges that Plaintiff is entitled to recover damages for payments it made to its insured which resulted from a fire allegedly caused by the combustion of chlorine tablets manufactured by Pooltime Products, Inc. ("Pooltime") and purchased from Home Depot U.S.A., Inc. ("Home Depot"). Allstate's complaint alleges that it paid $130,827.88 to Louis and Patricia Daigle, its insured, and that it is subrogated to the rights of the Daigles against Pooltime and Home Depot. In its original state court petition, Plaintiff alleged three theories of failure to warn and one theory of defective packaging as the basis for recovery.[2] Plaintiff amended its complaint by adding four paragraphs which provided, in essence: (1) that the product was in an unreasonably dangerous and defective condition; (2) that the manufacturer failed to comply with the requirements of 7 U.S.C. § 136 and other applicable statutes (a defective packaging claim); (3) that the container used for the product at issue was either improperly designed, manufactured with inferior or improper materials or otherwise improperly manufactured, causing or allowing a chemical reaction to start a fire; and (4) that Plaintiff realleges all the allegations in its original petition.

The Pooltime product in question, Spa-Time Chlorinated Concentrate, is a registered pesticide under the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C. § 136, et seq., and bears EPA registration number 5185–316–43973. Defendants seek summary judgment by arguing that all of Plaintiff's failure to warn and defective packaging claims are preempted by FIFRA and that Plaintiff has offered no evidence to support a products liability claim. After reviewing the arguments of counsel, the record, and the applicable law, this court finds Defendants' arguments to be meritorious and herein grants Defendants Motion for Summary Judgment.

Section 136v(a) of FIFRA provides that:

A State may regulate the sale or use of any federally registered pesticide or device in the State, but only if and to the extent the regulation does not permit any sale or use prohibited by this subchapter.

However, Section 136v(b) contains an express preemption provision which provides that:

Such State shall not impose or continue in effect any *requirements for labelling or packaging in addition to or different from those required under this subchapter.* (emphasis added).

The Supreme Court has recently construed the word "requirements" found in the Public Health Cigarette Smoking Act in a failure to warn case involving preemption. Therein, the Supreme Court recognized that the word "requirements" included state law actions for damages. *Cipollone v. Liggett Group, Inc.,* —— U.S. ——, ——, 112 S.Ct. 2608, 2620, 120 L.Ed.2d 407 (1992). Therefore, Plaintiff's claims alleging failure to warn and improper

---

1. Plaintiff originally filed its petition in state court on March 8, 1993. Defendants timely removed this action to federal court on April 1, 1993.

2. Allstate raised the following claims:

1. Failure to warn that the product at issue could cause explosion and fire;

2. Failure to properly package the product to eliminate the possibility of the product exploding or causing a fire;

3. Placing a dangerous and/or defective product into the stream of commerce without proper warnings or safeguards; and

4. Failure to recall the product which was dangerous due to inadequate warnings and/or packaging and/or product contamination.

packaging of the product in issue are expressly preempted under FIFRA.[3]

 The only other claim advanced by Plaintiff is that the product in issue was unreasonably dangerous and defective. After reviewing the record and the arguments of counsel, it is apparent to the court that Allstate's basis for asserting this allegation is the anticipated testimony of Mr. and Mrs. Louis Daigle that the product at issue was stored in conformity with the products labels, so that it must have been in a defective condition or must have been encased in an improper container which allowed the combustion to occur. *See* Plaintiff's Answers to Interrogatories. However, to recover on a products liability claim, Allstate must prove that the product was unreasonably defective at the time it left the manufacturer's control. La.R.S. 9:2800.54(C). Allstate has failed to advance any facts showing that the product was defective, much less that it was defective when it left the manufacturer's control.[4] Furthermore, Plaintiff has not offered any expert testimony that the product in question was defective and the deadline for exchange of expert reports has passed. Because Plaintiff has not produced sufficient evidence for a reasonable jury to find that the product in question was defective at the time it left Pooltime's control, Defendants are entitled to summary judgment on this claim also. Accordingly,

IT IS ORDERED that the Motion for Summary Judgment filed by Defendants, Pooltime Products, Inc. and Home Depot U.S.A., Inc., be and is hereby GRANTED, DISMISSING all of Plaintiff's claims with prejudice.

### JUDGMENT

For the reasons set out in this court's Minute Entry of January 10, 1994,

IT IS ORDERED, ADJUDGED AND DECREED that Judgment be entered herein in favor of Defendants, Pooltime Products, Inc. and Home Depot U.S.A., Inc., and against Plaintiff, Allstate Insurance Co., DISMISSING Plaintiff's claims with prejudice and at its cost.

---

**3.** *See also Papas v. Upjohn Co.,* 985 F.2d 516 (11th Cir.1993); *Arkansas–Platte & Gulf Partnership v. Van Waters & Rogers, Inc.,* 981 F.2d 1177 (10th Cir.1993); and *Shaw v. Dow Brands, Inc.,* 994 F.2d 364 (7th Cir.1993).

**4.** Plaintiff states for the first time in its Supplemental Memorandum in Opposition to the Motion for Summary Judgment that it is relying upon *res ipsa loquitur* as a method of proving its claims. *Id.* at 2. While the record is unclear as

to exactly when the product in question was purchased and stored by the Daigles, Defendants correctly point out that the record does reveal that the Daigles had both control and management of the alleged defective product at the time that the fire occurred. Because Defendants did not have the requisite custody and control over the product in question, the court finds that *res ipsa loquitur* is not applicable to the present facts.