liPRICE, Judge Pro Tern.
This is a products liability action. The plaintiffs are farmers who filed suit against two agricultural chemical manufacturers and a farm supply retailer to recover for crop damage caused by a combination of two chemicals, an insecticide and a herbicide. The manufacturer of the herbicide and the farm supply retailer settled with the plaintiffs, leaving the manufacturer of the insecticide as the sole defendant. Prior to trial, the trial court granted a partial summary judgment in favor of the remaining defendant. After a trial on the merits regarding the remaining claims, the jury handed down a verdict in favor of the plaintiffs. The defendant appeals. For the following reasons we reverse.
I. FACTS
Mr. and Mrs. John C. Hopkins are farmers in Madison Parish, Louisiana. Mr. and Mrs. Larry Ezell also farm in that area. The Hopkins and the Ezells planted cotton in the crop year 1990. Both couples purchased various chemicals and supplies from Madison Farm Supply, a farm retailer located in Tal-lulah, Louisiana. Two of the chemicals they purchased were Thimet, a granular insecticide manufactured by American Cyanamid Company, and Direx, a herbicide manufactured by Griffin Corporation.
The Hopkins and the Ezells applied, pre-emergence, a combination of these two chemicals in planting their cotton crop. Shortly after growth began, they observed severe stunting and discoloration. Some of the crops died, resulting in reduced cotton yields for the crop year. Consequently, the farmers filed suit against American Cyanamid Company, Griffin Corporation, Madison Farm Supply, and Madison Farm Supply’s liability insurer. They sought recovery of damages under theories of negligence and strict liability. The plaintiffs settled their claims with Griffin Corporation prior to trial. They settled with Madison Farm Supply and its insurer on the morning of trial. American Cyanamid remained as the sole defendant.
American Cyanamid filed a Motion for Summary Judgment and a Memorandum in Support, in which it argued that the plaintiffs’ claims of inadequate warning, regarding the dangers of the use of American Cyanam-id’s product, Thimet, were pre-empted by the Federal Insecticide, Fungicide, and Rodenti-cide Act, 7 U.S.C., Section 136, et seq. |2(FIFRA). This motion was heard prior to trial. The trial court granted partial summary judgment in favor of American Cyan-amid Company, determining that FIFRA pre-empted the claims based on inadequate product labeling and failure to provide different or additional printed matter in connection with the sale and use of Thimet, but not the failure to warn claims “broader than the definition of labeling contained in Section 136 of FIFRA.”
After a trial on the merits regarding the plaintiffs’ remaining claims, the jury found that American Cyanamid was 70% at fault. It assessed 20% of the fault to Griffin Corpo *198 ration and 10% percent to Madison Farm Supply, both of which had previously settled with the plaintiffs. The jury awarded $95,-000 to the Hopkins, and $75,000 to the Ezells.
American Cyanamid has taken a timely suspensive appeal from this judgment. It asserts four assignments of error:
(1) the trial court erred in failing to dismiss all of plaintiffs’ claims and grant full summary judgment in favor of defendant;
(2) the trial court erred in allowing the jury to consider the current Thimet label, where it refused to allow the jury to consider the Thimet label in use at the time of the incident;
(3) the trial court erred in allowing the jury to consider the label of a competitor’s product; and
(4) it was manifestly erroneous for the jury to find American Cyanamid Company 70% at fault for plaintiffs’ damages.
In determining that the first assignment of error is meritorious, we address only it and pretermit any discussion of the remaining assignments of error.
II. ASSIGNMENT OF ERROR NO. 1
American Cyanamid asserts that the trial court erred in failing to grant full summary judgment because FIFRA preempted all of plaintiffs’ claims. A motion for summary judgment may be granted if the pleadings, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. 3Art. 966; Rhodes v. Executive Risk Consultants, Inc., 26,021 (La.App. 2d Cir. 8/17/94), 642 So.2d 269. Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law is summary judgment warranted. Chaney v. National RR Passenger Corp., 583 So.2d 926 (La.App. 1st Cir.1991). When reviewing the granting of a motion for summary judgment, the appellate court must review the record de novo, under the same criteria which governed the trial court’s consideration of whether summary judgment was appropriate. Tugwell v. State Farm Insurance Co., 609 So.2d 195 (La.1992).
In the case before us, there is no dispute that plaintiffs purchased Thimet and Direx from Madison Farm Supply, and that plaintiffs used Thimet and Direx on their cotton crops. There also is no dispute that Thimet was manufactured by American Cyanamid, and that Thimet is registered with and approved by the Environmental Protection Agency (EPA), as required by FIFRA, 7 U.S.C. 136, et seq. We now must determine whether FIFRA pre-empts state tort law claims based on a failure to warn or inadequate labeling, and, if so, whether plaintiffs’ claims are pre-empted.
A. Federal Pre-emption
The principles of pre-emption resolve conflicts between federal and state law. Worm v. American Cyanamid, 970 F.2d 1301 (4th Cir.1992), appeal after remand, 5 F.3d 744 (4th Cir.1993). The pre-emption doctrine is based on the Supremacy Clause of Article Six of the Constitution from which flows the well-established principle that federal legislation, if enacted pursuant to Congress’ constitutionally delegated authority, can nullify conflicting state or local actions. Id. Consideration of issues arising under the Supremacy Clause starts with the assumption that the historic police powers of the states are not to be superseded by a federal act unless that clearly is Congress’ intent. Cipollone v. Liggett Group, Inc., 505 U.S. -, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992). The intent of Congress may be explicitly stated in the statute’s language or implicitly contained in its structure and purpose. Id. In the absence of an express congressional command, state law is pre-empted if that law actually conflicts with federal law or if federal law so | thoroughly occupies a legislative field as to make reasonable the inference that Congress left no room for supplementation by the states. Id.
American Cyanamid must adequately demonstrate that FIFRA pre-empts any state tort action. The burden of proof is on the party asserting pre-emption. Thornton v. Fondren Green Apartments, 788 F.Supp. 928 (S.D.Tex.1992). With these principles stated, we proceed to an examination of FIFRA and the reach of its pre-emption provision.
*199 B. FIFRA
FIFRA, enacted originally in 1947 as a pesticide licensing and labeling statute, was designed to work in harmony with the Uniform State Insecticide, Fungicide and Roden-ticide Act which was adopted in many states. In 1970, Congress transferred responsibility for pesticide regulation to the EPA. The Act was amended in 1972 to strengthen its standards and to increase the EPA’s authority for enforcement. The amendments, which were prompted by safety and environmental concerns, as well as concerns that the existing legislation was not adequate, transformed FIFRA into a comprehensive regulatory statute regulating the labeling, sale, and use of pesticides both in intrastate and interstate commerce. Worm v. American Cyanamid, supra.
FIFRA acknowledges the authority of the states to regulate the sale and use of pesticides. 7 U.S.C.A. Section 136v(a). However, FIFRA expressly declares that the states may not impose requirements for labeling other than those required by the EPA. 7 U.S.C.A. Section 186v(b). The pertinent provisions of the statute states:
Section 186v. Authority of States
(a) In General
A State may regulate the sale or use of any federally registered pesticide or device in the State, but only if and to the extent the regulation does not permit any sale or use prohibited by this sub-chapter.
(b) Uniformity
Such State shall not impose or continue in effect any requirements for labeling or packaging in addition to or different from those required under this subchap-ter.
7 U.S.C.A. 136v.
|5“Label” and “Labeling” are defined in Section 136(p) of the statute as follows:
(1) Label. — The term “label” means the written, printed, or graphic matter on, or attached to, the pesticide or device or any of its containers or wrappers.
(2) Labeling. — The term “labeling” means all labels and all other written, printed, or graphic matter—
(A) accompanying the pesticide or device at any time;
or
(B) to which reference is made on the label or in literature accompanying the pesticide or device ... except ... Federal or State institutions or agencies authorized by law to conduct research in the field of pesticides.
American Cyanamid relies on Section 136v(b) of FIFRA to support its contention that the Act pre-empts plaintiffs’ present claims because the claims are all based upon an alleged failure to warn. The plaintiffs-appellees, on the other hand, argue that they have asserted claims unrelated to labeling and packaging, thus falling outside the scope of FIFRA pre-emption.
We are cognizant of the conflicting decisions reached by lower federal courts on this issue. In determining that the trial court was correct in concluding that FIFRA pre-empts certain state tort claims, we choose to follow the reasoning articulated by the First, Fourth, Fifth, Seventh, Tenth and Eleventh circuits of the United States Courts of Appeals. See King v. E.I. Dupont De Nemours and Co., 996 F.2d 1346 (1st Cir.), cert. dismissed, — U.S.-, 114 S.Ct. 490, 126 L.Ed.2d 440 (1993); Worm v. American Cyanamid, supra; MacDonald v. Monsanto Co., 27 F.3d 1021 (5th Cir.1994); Shaw v. Dow Brands, Inc., 994 F.2d 364 (7th Cir.1993); Arkansas-Platte & Gulf Partnership v. Van Waters & Rogers, Inc., 959 F.2d 158 (10th Cir.), vacated and remanded, — U.S. -, 113 S.Ct. 314, 121 L.Ed.2d 235 (1992), on remand, 981 F.2d 1177 (10th Cir.), cert. denied, — U.S. -, 114 S.Ct. 60, 126 L.Ed.2d 30 (1993); and Papas v. Upjohn Co. (Papas I), 926 F.2d 1019 (11th Cir.1991), vacated and remanded, — U.S. -, 112 S.Ct. 3020, 120 L.Ed.2d 892 (1992), on remand, 985 F.2d 516 (11th Cir.), cert. denied, — U.S. -, 114 S.Ct. 300, 126 L.Ed.2d 248 (1993). Additionally, our determination is supported by one Louisiana First Circuit Court of Appeal case, two U.S. Court of Appeals Fifth Circuit peases decided in Louisiana, and a United States Supreme Court case. See Williams v. State of Louisi *200 ana, 93-0278 (La.App. 1st Cir. 3/11/94), 640 So.2d 365; Allen v. Pernco Engineering Co., 847 F.Supp. 1315 (M.D.La.1994); Allstate Insurance Co. v. Pooltime Products, Inc., 846 F.Supp. 499 (E.D.La.1994); and Cipollone v. Liggett Group, Inc., 505 U.S.-, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992). These cases hold or support the proposition that FIFRA pre-empts state tort claims based on a manufacturer’s failure to warn or inadequate warning relating to the products subject to FIFRA’s labeling requirements.
Our analysis of the FIFRA pre-emption issue also is guided by the United States Supreme Court decision in Cipollone v. Liggett Group, Inc. supra. In Cipollone, the Supreme Court addressed the pre-emption issue in connection with the Federal Cigarette Labeling and Advertising Act, enacted in 1965 (the 1965 Act), and its successor, the Public Health Cigarette Smoking Act of 1969 (the 1969 Act). The Court determined that the pre-emptive scope of the 1965 Act and the 1969 Act is governed entirely by the express language in Section 5 of each Act. The Court stated:
When Congress has considered the issue of pre-emption and has included in the enacted legislation a provision explicitly addressing that issue, and when that provision provides a “reliable indicium of congressional intent with respect to state authority,” there is no need to infer congressional intent to pre-empt state laws from the substantive provisions of the legislation. Such reasoning is a variant of the familiar principle of expression unius est exclusio alterius: Congress’ enactment of a provision defining the pre-emptive reach of a statute implies that matters beyond that reach are not pre-empted.
Cipollone v. Liggett Group, Inc., supra (citation omitted). Like the Acts at issue in Cipollone, FIFRA includes a provision explicitly addressing pre-emption. Because Section 136v directly addresses this issue, there is no need to infer congressional intent regarding the extent that pesticides may be regulated by states.
Like the 1969 Act examined in Cipollone, FIFRA uses the term “requirements” in Section 136v(b), the pre-emption provision. “Ci-pollone convinces us that the term ‘requirements’ in section 136v(b) ‘sweeps broadly and suggests no distinction between positive enactments and the common law.’” Papas v. Upjohn Co. (Papas II), supra 7(quoting Cipollone v. Liggett, 505 U.S. at-, 112 S.Ct. at 2620). Thus, “state court damage awards based on failure to warn would constitute ad hoc determinations of the adequacy of statutory labeling standards ... [and] this would hinder the accomplishment of the full purpose of Section 136v(b), which is to ensure uniform labeling standards.” Arkansas-Platte & Gulf Partnership v. Van Waters & Rogers, 959 F.2d 158 (10th Cir.1992).
In Papas II, the plaintiffs-appellees urged the court to hold that their warning claims “unrelated to labeling and packaging” are not pre-empted by Section 136v. The Court responded as follows:
If a pesticide manufacturer places EPA-approved warnings on the label and packaging of its products, its duty to warn is satisfied, and the adequate warning issue ends ... Because claims challenging the adequacy of warnings on materials other than the label or package of a product necessarily imply that the label and packaging failed to warn the user, we conclude that these claims are also pre-empted by FIFRA.

Papas v. Upjohn Co. (Papas II), supra.

In sum, we conclude that, to the extent that state law actions for damages depend upon a showing that a pesticide manufacturer’s “labeling or packaging” failed to meet a standard “in addition to or different from” FIFRA requirements, Section 136v preempts the claims. It is for the EPA Administrator, not a jury, to determine whether labeling and packaging information is incomplete or inaccurate, and if so what label changes, if any, should be made; states may not interfere with the methods designed by Congress to achieve FIFRA’s goals. Papas v. Upjohn Co. (Papas II), supra.
C. Plaintiffs’ Claims
We now look to each of plaintiffs’ claims under state law to determine whether it is in fact pre-empted. The central inquiry *201 in each instance is whether the legal duty that is the predicate of each claim constitutes a requirement for labeling or packaging which is either “in addition to” or “different from” those required by FIFRA. Cipollone v. Liggett Group, Inc., supra.
Plaintiffs allege in their petition that American Cyanamid is hable for the losses of petitioners due to the following:
|8(1) failing to properly warn end users of the combined effect and harm that could result from the combined usage of Thimet and Direx;
(2) failing to properly warn end users of the danger inherent in the combined use of these products;
(3) failing to properly advise distributors of its product to prohibit sales of these products were it was anticipated that a combined application would be utilized in connection with cotton planting;
(4) improperly designing and manufacturing a chemical product which, if used in conjunction with a competitor’s product also recommended for usage in a pre-emergence application on a cotton crop, would result in severe damage to the stand of cotton;
(5) failing to properly label and to thus warn end users of the product of the inherent danger associated with a combined application of the products set forth above; or alternatively, in failing to properly instruct end users on appropriate quantities of their product which could be used in a combination application with a competitor’s product as described above; and
(6) in failing to adequately test the compatibility of these products for use with other products manufactured by competitors, especially where it should be anticipated that the products would or could be sold for a combined application.
Plaintiffs contend that, after the trial court granted partial summary judgment in favor of American Cyanamid, the claims left for decision by the jury were regarding whether American Cyanamid’s product itself was defective, and whether it was defective when used in combination with a diuron herbicide. According to them, the issues went beyond mere labeling.
We conclude that claims 1, 2, 3, and 5 of plaintiffs’ petition facially show that they fall within the scope of FIFRA and, thus, are pre-empted. Further analysis of the two remaining claims leads us to conclude that they too are pre-empted.
No showing was made that Thimet, when used alone, was improperly designed and manufactured. In fact, plaintiffs only alleged that Thimet was improperly designed and manufactured when used in conjunction with Direx. The foundation of this claim is American Cyanamid’s failure to warn of the combined usage of Thimet and Direx. Upon | athat basis, the claim falls because it is preempted by FIFRA. The other claim alleges that American Cyanamid failed to adequately test the compatibility of these products, especially where it should be anticipated that the products would or could be sold for a combined application. This claim is also predicated upon a failure to warn or inadequate warning. The claim suggests that the defendant should have known of the alleged dangers of a combined use of Thimet and Direx, and, thus, should have communicated these warnings. This claim alleges nothing concerning inadequate testing of the product alone. Certainly, plaintiffs cannot reasonably argue that Thimet should not be marketed because of the possibility of its use with Direx. Therefore, we conclude that this claim is also predicated upon a failure to warn or inadequate labeling, and pre-empted by FIFRA.
Finally, plaintiffs contend in their answer to the appeal, that they have a warranty claim because American Cyanamid recommended and warranted that the product could be used safely in combination with Direx. No warranty claim was presented in their petition and no evidence was presented, at the time of the trial court’s summary judgment review, to support the existence of such a claim.
III. CONCLUSION
For the reasons set forth herein the judgment appealed is reversed and plaintiffs’ de *202 mands against American Cyanamid are dismissed. All costs, including this appeal, are to be paid by plaintiffs.
REVERSED.